Case 5:18-cv-00125   Document 65   Filed on 12/22/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **CHARLES B. O'BRIEN,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 5:18-CV-125 |
| § | |
| **EQUINOR PIPELINES LLC,** *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

On December 15, 2021, Plaintiff Charles B. O'Brien ("Plaintiff") and Defendants Equinor Texas Onshore Properties LLC, Equinor Pipelines LLC, and Equinor US Operations LLC ("the LLCs") filed a Stipulation of Dismissal with Prejudice (Dkt. 64). The Parties noted that their Stipulation was filed under Rule 41(a) and that they were requesting a dismissal with prejudice. (Dkt. 64.)[1]

Federal Rule of Civil Procedure 41(a)(1) provides two paths a plaintiff can take to effectuate a "voluntary dismissal" without a court order. Fed. R. Civ. P. 41(a)(1)(A). The plaintiff can file either "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment;" or (ii) a stipulation of dismissal signed by all parties who have appeared." *Id*.

The Parties' Stipulation does not comply with the procedural strictures of either of the paths Rule 41(a)(1)(A) provides for voluntary dismissals. First, the Stipulation cannot be construed as a "notice of dismissal" under Rule 41(a)(1)(A)(i) because the opposing party has

---

[1] If the Parties' Stipulation complied with the Federal Rules, then the action would be terminated without any Court involvement. *See Behuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (A Rule 41(a)(1)(A) notice of dismissal is "self-effectuating and terminates the case in and of itself; no order or other action of the district court is required.").

already served an answer. (*See* Dkt. 1, Attach. 3 at 55-56.) Second, the Stipulation fails to terminate the case under Rule 41(a)(1)(A)(ii) because it is missing the signature of Defendant Equinor USA Onshore Properties, Inc., who appeared in the case, but was later dismissed without prejudice. (*See* Dkt. 10); Fed. R. Civ. P. 41(a)(1)(A)(ii) (requiring that the stipulation of dismissal be "signed by all parties who have appeared"). The Stipulation identifies the Plaintiff by name and includes the signature of the Plaintiff's attorney. In addition, the Stipulation identifies the LLCs by name, and denotes that the rest of the Stipulation will refer to the LLCs as "Defendants." (Dkt. 64 at 1.) The LLCs' shared attorney signs the Stipulation as the "Attorney-in-charge for Defendants." (*Id*. at 3.) Using the Parties' own shorthand, the Court must conclude that the LLCs' attorney, Fields Alexander, was signing on behalf of only the LLCs, and not on behalf of Defendant Equinor USA Onshore Properties, Inc. Therefore, Defendant Equinor USA Onshore Properties Inc. appeared in the case, but did not sign the stipulation of dismissal.

Accordingly, the Stipulation (Dkt. 64) does not comply with the procedural strictures of Rule 41(a)(1)(A)(ii) and fails to terminate the action. The Parties are hereby ORDERED to file closing documents that comply with the Federal Rules of Civil Procedure by **January 7, 2022**.

IT IS SO ORDERED.

SIGNED this 22nd day of December, 2021.

_____
Diana Saldaña
United States District Judge